**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BERNITHA RICE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:17-CV-932-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI, ET AL.**
**and EDDIE J. FAIR, INDIVIDUALLY** **DEFENDANTS**

# PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING AUTHORITIES

COMES NOW, the Plaintiff by and through counsel and serves this her Brief in Support of its Motion for Summary Judgment and would show the Court the following: Defendants have failed to identify any facts in their Answers or provide evidence before the close of discovery of its affirmative defense of failure to mitigate damages by the Plaintiff. Plaintiff is entitled to summary judgment on the matter as Defendants cannot offer any admissible evidence to support this affirmative defense.

## I. INTRODUCTION

In Defendants' answers to Plaintiff's complaint, Defendants asserted the affirmative defense of failure to mitigate damages. In asserting this affirmative defense, the burden of proof shifts to the Defendants. Defendants failed to provide any facts to support its defense in their answers and have not identified any evidence during discovery that Plaintiff had substantially equivalent employment available to her after her employment with Defendants ended, or that Plaintiff failed to make reasonable efforts to obtain employment. Without sufficient evidence for Defendants to provide evidentiary

proof of the defense, there is no genuine dispute of material fact to be decided by a jury. The Plaintiff is entitled to summary judgment because Defendants have failed to specify any facts to support its defense and cannot provide a single piece of evidence satisfy its burden of proof.

## II. BACKGROUND FACTS

On November 21, 2017, Plaintiff filed a complaint against Defendants. [Doc. 1]. On December 20, 2017, Defendant Hinds County, Mississippi filed an answer that included an affirmative defense of failure to mitigate damages. [Doc. 3 at p. 8]. On January 19, 2018, Defendant Eddie Fair filed an answer that included an affirmative defense of failure to mitigate damages. [Doc. 6 at p. 3]. Defendants have failed to identify any facts in their Answer to support this affirmative defense or provide evidence to Plaintiff's alleged failure to mitigate damages during the discovery period.

## III. STANDARD OF REVIEW

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the nonmovant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Supreme Court has held summary judgment is

available to the moving party when the non-moving party, "after adequate time for discovery and upon motion," has failed to provide sufficient evidence "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.

## IV. ARGUMENT

In Defendants' answers they asserted the affirmative defense of failure to mitigate damages. [Doc. 3 at p. 8] [Doc. 6 at p. 3]. Defendant's affirmative defense of failure to mitigate is well-suited for summary judgment because the Defendants failed to provide a factual basis for the defense in their Answers and provided nothing during discovery support this defense. Due to Defendants' failure to identify or produce supporting evidence that creates "a genuine dispute of material fact" before the close of discovery, movant is entitled to judgment as a matter of law.

It is the Defendants' burden at trial to prove its failure to mitigate defense. *Normand v. Research Inst. Of Am.*, 927 F.2d 857, 865 (5th Cir. 1991). In order to meet this burden, Defendant must provide evidence that demonstrates that "comparable work" was made available to Plaintiff, and Plaintiff did not seek it. *Id*. Defendant produced no evidence during discovery that supported its failure to mitigate defense.

A 1972 Fifth Circuit panel decision in *Sparks*, held that the party asserting the affirmative defense of failure to mitigate must satisfy a two-prong test. The defendant employer must show not only that plaintiff "failed to use reasonable care and diligence, but that there were jobs available" that the plaintiff could have applied for. *Sparks v. Griffin*, 460 F.2d 433 (5th Cir. 1972). The defendant in *Sparks* was denied the affirmative defense of mitigation because they failed to satisfy the second prong of the test by failing

to provide evidence that the plaintiff had substantially equivalent jobs available to her. This earlier precedent provides that an employer must meet two requirements in order to determine that a plaintiff failed to mitigate his/her damages. Consequently, this Court held that the defendants had failed to provide evidence that there were substantially equivalent jobs available and dismissed the defendant's failure to mitigate defense. The existence of such an available and substantially equivalent position was the conclusive factor in determining the validity of the defendant employer's affirmative defense of mitigation. Without providing existence of such a position, the defense has no merit.

Though a Fifth Circuit panel had created prior precedent that evidenced a hardline rule for the burden of proof required of a defendant asserting a mitigation defense in *Sparks*, a later Fifth Circuit panel decision in *Sellers* held that "[if] an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment." *Sellers v. Delgado Cmty. Coll.,* 902 F.2d 1132, 1139 (5th Cir. 1988). This decision failed to cite to and exclusively rejected the prior decision in *Sparks*. This decision clearly violated the "rule of orderliness" as detailed in *Dial*. *U.S. v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008). *Dial* states, "rule of orderliness … 'one [5th Circuit Panel] cannot overrule the decision of another panel. *Id*. Further, the Fifth Circuit in *Jacobs*, has held that "[i]t is well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision." *Jones v. National Drug Intelligence Center*, 548 F. 3d 375 (5th Cir. 2008). The Fifth Circuit rule of orderliness establishes that *Sparks* is law until "an intervening change in the law, such as by a statutory amendment, or the Supreme Court,

or our *en banc* court." *Id*. In either interpretation the Defendant failed to identify any facts or evidence that Plaintiff failed to make reasonable efforts to obtain work.

Likewise, according to the Fifth Circuit Committee on Pattern Jury Instructions, in order for a defendant to prevail on the affirmative defense of failure to mitigate at trial, "Defendant must show, by a preponderance of the evidence: (a) there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his/her failure to take such reasonable actions." *See* Fifth Circuit Pattern Jury Instruction 11:14. This group of ten distinguished district court judges rejected the inconsistent holding in *Sellers* and upheld the prior Fifth Circuit panel's ruling in *Sparks*. The committee found that the existence of a substantially equivalent and available job to be paramount to the validity of the defense. This Court has also recently come to the same conclusion. *Storr v. Alcorn State Univ.,* 2017 U.S. Dist. LEXIS 128079 *11-12 (S.D. Miss. August 11, 2017).

Similarly, public policy calls for the finding that the defendant employer be required to show that a substantially equivalent job was available to the plaintiff and that the plaintiff failed to use reasonable diligence in seeking those positions. The basis of the affirmative defense of failure to mitigate is that the plaintiff could have minimized damages by being employed elsewhere in a similar position to compensate his/her income. The rationale for the defense is that other substantially equivalent and available employment exists and the plaintiff failed to seek such positions. Just as the plaintiff must provide evidence for liability and damages for any claim, the defendant employer must provide evidence of failure to look for comparable work and that such comparable work existed.

In this case, Defendants failed to identify any facts to support its affirmative defense in their Answers. Nor have they provided or identified any evidence of the affirmative defense during the discovery period, so there is no genuine issue of material fact to be determined by a jury. Defendants cannot identify any substantially equivalent employment that was available to Plaintiff, as required in Jury Instruction 11:14 (a). Defendants' failure to provide a single position renders instructions (b) and (c) entirely inapplicable to the matter at hand. Defendants failure to identify any facts its Answer to support its defense or identify such evidence within the discovery period should bar them from raising the matter at trial. Without a genuine dispute of material fact regarding the affirmative defense of failure to mitigate, Plaintiff is entitled to summary judgment on the matter. The record indicates that Defendant has failed to provide evidence during discovery. The Fifth Circuit has held that a mitigation instruction only be provided to a jury when "a genuine issue of fact is presented." *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.,* 180 F.3d 247, 259 (5th Cir. 1999).

## V. CONCLUSION

As set forth above, Defendants cannot provide sufficient evidence that Plaintiff had substantially equivalent employment available to her and that Plaintiff failed to make reasonable efforts to obtain work. Without such evidence, Plaintiff is entitled to summary judgment because there is not a genuine dispute of material fact to be decided by the jury.

Respectfully submitted,

By: /s Nick Norris

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, Mississippi 39216
(601) 968-0000 Fax:
(601) 968-0010
nick@watsonnorris.com

**CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 24th day of January 2019.

/s/Nick Norris

NICK NORRIS