**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BERNITHA RICE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:17-CV-00932-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI a/k/a**
**HINDS COUNTY BOARD OF SUPERVISORS and**
**HINDS COUNTY TAX COLLECTOR, EDDIE J. FAIR**
**INDIVIDUALLY** **DEFENDANTS**

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DEFENSE OF MITIGATION OF DAMAGES**

**RESPECTFULLY,** Defendant, Hinds County Tax Collector, Eddie J. Fair, Individually, by counsel, submits these authorities for the premise that Plaintiff Rice's Motion for Partial Summary Judgment on the issue of her failure to mitigate damages is a moot issue and that the Court should find instead as a matter of law that Rice's VA determination of Entitlement to·individual unemployability because Rice is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. Reinstatement, back pay or front pay are not necessary to make Rice whole. Hence, this Defendant seeks an alternate finding confirming as a matter of law that claims of back pay and front pay are not available, making her motion for partial summary judgment moot.

There is no genuine issue of disputed material fact that Plaintiff Rice's personal history includes occupational disability arising from service-connected PTSD/MST (military sexual trauma), personal loss, civil litigation of a personal nature and domestic disturbances resulting in extensive and ongoing mental health treatment and difficulty maintaining employment. See Rice Deposition, Exhibit A, **[Doc. 53-5]**. Moreover, Rice carried a 70% VA finding of service-connected PTSD/MST

(military sexual trauma) at the time she was accepted as a probationary employee in the Hinds County Tax Collectors Office. *See Id.* After unsuccessful employment attempts with Hinds County and a local hotel, Rice has been re-evaluated by the VA to a finding of "Entitlement to individual unemployability is granted because you are unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. Exhibit B.

**A. AUTHORITIES**

Defendant agrees that under 42 U.S.C. § 2000e-5(g)(1), a Title VII claimant must mitigate her damages, which requires the claimant to be "reasonably diligent in seeking and accepting new employment substantially equivalent to that from which [s]he was discharged." *Brady v. Thurston Motor Lines, Inc.,* 753 F.2d 1269, 1273 (4th Cir. 1985) (citing *Ford Motor Co. v. EEOC,* 458 U.S. 219, 232, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982)). A plaintiff cannot receive back pay for a period during which she did not fulfill her duty to mitigate. *Id.* "Failure to mitigate is an affirmative defense for which the employer bears the burden of proof." *Wagner v. Dillard Dept. Stores, Inc.,* 17 Fed. Appx. 141, 153 (4th Cir. 2001). An employer ordinarily must come forward with evidence that comparable work is available, unless the employer can demonstrate that the plaintiff "made no reasonable attempt to find work." *Id.* at 153-54. "A plaintiff who remains idle instead of seeking employment forfeits [her] right to back pay for the period during which [she] did not seek employment. *Id*. at 153 (citing *Brady,* 753 F.2d at 1273). However, "[o]btaining a part-time job ... satisfies Plaintiff's obligation to mitigate damages absent a showing by [the defendant] that this action was not in good faith." *Ford*, 984 F. Supp. at 390 (citing *Donnelly v. Yellow Freight Sys., Inc.,* 874 F.2d 402, 411 (7th Cir. 1989)).

It is undisputed that Plaintiff Rice voluntarily quit her post-termination employment because

it interfered with her condition, a condition which pre-existed her probationary employment in the Hinds County Tax Collector's Office. After another unsuccessful employment attempt, the VA finding is clear "Entitlement to individual unemployability is granted because you are unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." Not only is the disability subject to off-set, under these circumstances, Rice cannot claim back pay or front pay.

**B. MOOTNESS**

This is a circumstance of a dual effort to get paid where Plaintiff Rice was either going to use her three months in the Hinds County Tax Collector's Office as evidence of unsuccessful employment efforts to make her case with the VA or seek back pay and front pay from Hinds County. As noted and documented in the County's Briefing, "she conveyed to her doctor on July 25, 2016, a mere two (2) weeks after her termination, that she was let go at the tax collector's office due to "budget cuts" and since she was "one of the last ones [employees] hired." *(Hinds County,* ***[Doc. 56]****, Page 6)*. She was successful with the VA first.

A plaintiff literally drawing a VA check for individual unemployability because she is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities simply cannot sustain his\her burden necessary to state a claim for back pay. Plaintiff Rice has no experts, no fact to dispute the VA, and she certainly is not refusing the check. Any affirmative defense-tied recovery of back pay is simply a moot issue. Before the enactment of the 1991 amendments, Title VII afforded only "equitable" remedies. Back pay was the primary form of monetary relief available premised as a "make-whole" remedy. *Landgraf v. Usi Film Prods.,* 511 U.S. 244, 252-53, 114 S. Ct. 1483, 1490-91 (1994). Here, occupationally, the VA has made Plaintiff

Rice whole is so far as wages are concerned.

"Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006). "A case should not be declared moot '[a]s long as the parties maintain a "concrete interest in the outcome" and effective relief is available to remedy the effect of the violation.'" *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (alteration in original) (quoting *Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998)). "But a case will become moot where 'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." *Id*. (quoting *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)).

In *Morehouse v. Jackson*, 614 F. App'x 159, 164 (5th Cir. 2015), the fundamental requirement for receipt of back pay in a claim for violation of substantive due process was rendered impossible because the claimant received a satisfactory post-termination hearing. In short, she was not entitled reinstatement and therefore could not qualify for back pay. Her claims were moot. Here, Plaintiff Rice is not qualified for the position and it has nothing to do with the Hinds County Tax Collector's Office. The VA is paying her 100% service connected disability.[1]

In the case of *Smith v. Office of Pers. Mgmt.,* 778 F.2d 258, 262-63 (5th Cir. 1985), a federal employee was discriminated against on the basis of age and ordered that he be made "whole in terms of restoration of rank and other benefits which he may have lost as a result of actions improperly

---

[1] *Wilson v. Taylor,* 658 F.2d 1021, 1035 (Former 5th Cir. 1981); accord *Hill v. City of Pontotoc, Miss.,* 993 F.2d 422, 425 (5th Cir. 1993) (noting that Wilson and other cases provide that "plaintiffs may not recover back pay, even for the period between the deprivation and the validating hearing").

taken against him." The Commission could not reinstate Smith because he was unable to return to work due to medical problems allegedly caused by the discrimination practiced against him. All of Smith's doctors agree that he is presently unable to work and that it is unlikely that he could ever return to his past work. When Smith left work on October 21, 1976, he began using up his accumulated sick leave and vacation time. He has since bought back the sick leave and vacation time he used so as to be able to receive disability benefits from the time he left work. Smith ultimately received disability retirement compensation for total disability calculated at 75% of his former gross pay; which was income that is not subject to federal income taxes. *Id*. 778 F.2d 258, 260 (5th Cir. 1985). Smith argued that the collateral source rule which provides that a plaintiff's recovery is not to be reduced by benefits received from a third party should apply - effectively seeking a double recovery. The Fifth Circuit disagreed finding the collateral source rule does not apply when the collateral source is the defendant. *Id*. Moreover, it would be proper in any event to deduct unemployment compensation, retirement benefits, and interim earnings from the back pay award. *Id*.

Respectfully, this Defendant prays that in response to the motion for partial summary judgment submitted by Plaintiff Rice that the Court find as a matter of law that back pay and/or front pay are not recoverable, making (as suggested by Plaintiff) failure to mitigate damages a non-issue based upon mootness.

**RESPECTFULLY SUBMITTED** this the 7th day of February, 2019.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785

Attorneys for Defendant Hinds County Tax Collector, Eddie J. Fair, Individually

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com
mgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney of record for Defendant, Hinds County Tax Collector, Eddie J. Fair, Individually, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum In Support of Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to the Affirmative Defense of Failure to Mitigate Damages* to be delivered by the ECF Filing System which gave notice to the following:

Louis H. Watson, Jr., Esq.
Nick Norris, Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Dr., Ste. G
Jackson, MS 39216-4972
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com
**Attorneys for Plaintiff**

William R. Allen
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P.O. Box 751
Brookhaven, MS 39602
Phone: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
**Attorney for Hinds County, Mississippi; Hinds County Sheriff's Office; and Victor Mason**

**DATED** this 7th day of February, 2019.

/s/ ***Daniel J. Griffith***
Daniel J. Griffith