**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BERNITHA RICE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:17-CV-00932-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI a/k/a**
**HINDS COUNTY BOARD OF SUPERVISORS and**
**HINDS COUNTY TAX COLLECTOR, EDDIE J. FAIR**
**INDIVIDUALLY** **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 2**
[Exclude Partial Cell Phone Records]

**COMES NOW** Defendant Eddie Fair, by and through counsel, and respectfully submits his separate brief as required by Local Rule 7.2(D) in support to their Motion *in limine* to instruct, direct, and order Plaintiff's Counsel, Plaintiff, and all other witnesses not to testify concerning, mention, refer to, question regarding, present evidence of, or offer any argument concerning the partial cell phone records presented here as unauthenticated, lacking a sponsoring expert to explain them to the jury, incomplete and subject to an adverse inference. Alternatively, that the belated/post discovery attempt to secure complete records was too late to secure preservation of the same of any claim that there were additional phone conversations not documented should be excluded from evidence, to wit:

## I.
## BACKGROUND

By Memorandum Opinion appearing herein at **[Doc. #80]**, Plaintiff's Claim pursuant to 42 U.S.C. §1983 is for sexual harassment via either hostile environment with the issue being whether the conduct by Defendant Fair, if any, was sufficiently severe and pervasive enough to constitute sexual harassment AND/OR for quid pro quo sexual harassment with the issue being whether the

alleged employment performance denied by Plaintiff Rice actually occurred and was the cause of her termination rather than any conduct by Defendant Fair.

## II.
## DEVELOPMENT

In the brief three (3)-month period that Plaintiff worked at the Tax Collector's Office, Plaintiff contends that Fair would call her cell phone in the evenings and talk about taking her out to places such as New Orleans or the Delta. Plaintiff allegedly would conference her sister in on these calls with Fair or text her sister during these calls. If Plaintiff did not answer the phone, Fair would allegedly say "I called you last night. You didn't answer." Plaintiff states that her telephone number at the time, the number Fair used to call her on, was (601) 715-0601.

According to Plaintiff's phone records that were produced, the parties only shared eleven (11) calls between them with more than half the phone calls lasting less than five (5) minutes. More specifically, according to telephone records, calls between the phone numbers occurred on: (1) April 12, 2016, lasting two (2) minutes; (3) April 3, 2016, lasting three (3) minutes; (4) April 15, 2016, lasting fourteen (14) minutes; (5) April 16, 2016, lasting four (4) minutes; (6) April 22, 2016, lasting twelve (12) minutes; (7) April 25, 2016, lasting approximately thirteen (13) minutes; (8) April 25, 2016, lasting one (1) minute; (9) April 25, 2016, lasting one (1) minute; (10) April 26, 2016, lasting four (4) minutes; (11) May 2, 2016, lasting one (1) minute. *Id.*

Plaintiff indicates that a "C" should appear next to the call if it was a conference call. Despite Plaintiff's contentions that she would routinely conference call-in her sister, Leta Bryant, on the calls with Fair, phone records indicate only one (1) phone call, on April 15, 2016, with Fair's number was a conference call.

Plaintiff's telephone records also indicate a series of text messages were exchanged between

the parties from April 22, 2016, through May 9, 2016, though Plaintiff notes that a majority of the "talking" was "on the phone." Plaintiff states that on June 4, 2016, Fair texted her asking Plaintiff what she wanted for her birthday and told her he would get Plaintiff a Louis Vuitton purse if she was his "woman." Plaintiff has not provided any documentation to prove this text occurred on June 4, 2016. It should be noted, during Plaintiff's employment, Eddie Fair employed a policy where employees would call or text him regarding days off at work. Fair adamantly denies he ever had an inappropriate conversation with Plaintiff or any other employee.

## III.
## DISCLOSURES

The Complaint in this matter was filed on November 21, 2018 **[Doc. 1]**. Thereafter, an Answer was filed by this Defendant on January 19, 2018 **[Doc. 6]**. Thereafter, a Case Management Order was entered by the Court on February 6, 2018, setting out deadlines in this matter. Within said Order, the discovery deadline was September 20, 2018 **[Doc. 10]**. In April and May of 2018, Plaintiff served subpoenas on T-Mobile and Cspire in order to get records of Plaintiff's own phone records. **[Docs. 33 and 34]**.

Via her initial core, Plaintiff listed the parties, her sister, and Jasmin Gunn by name. She listed her personnel file, pay records, and EEOC File as documents. According to her disclosure regarding damages, she lists back wages of $42,400.00, future wages of $85,800.00, and unspecified compensatory damages of $300,000.00. During discovery, Plaintiff produced the above documents and a portion of her phone records, verified past employment, admitted a prior service-connected 70% disability rating. After discovery, she supplemented this to be currently a service-connected 100% disability rating. It is undisputed that Plaintiff now carries a service-connected "entitlement to individual unemployability effective October 2, 2018". Plaintiff took no depositions. Plaintiff

designated no experts.

## IV.
## ADMISSIBILITY

No certification or other attempt at authentication has been provided by Plaintiff.[1] We have merely partial results [no text information and for only a limited time and no records for another number]. Moreover, Defendants have legitimate concerns about which phone company would be the correct source to authenticate such records.[2]

**USCS Fed Rules Evid R 803** provides in relevant part for the admission of certain hearsay if it meets the following standard:

> (6) Records of a regularly conducted activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified

---

[1]USCS Fed Rules Evid R 902 (11) **Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them

[2]Exhibit A, Letter from C Spire to Mary McKay Lasker on May 7, 2018: "Please be advised the call detail records are no longer available, as they are retained by Cellular South, Inc., d/b/a C Spire for only the last 18 months." See Federal Rules of Evidence 902.

witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness

As noted by the Court, there is certainly a swearing match over communications. However, having inadmissible proof sent back with a jury to decipher codes and abbreviations or letting the Plaintiff testify from an un-authenticated document lacks substantial guarantees of trustworthiness.

**NOW THEREFORE,** the Defendant respectfully prays that the Court rule *in limine* that the Plaintiff is precluded from submitting proof of or comment on the partially produced phone records which have not been authenticated and have not cleared the hurdle for the applicable exception to hearsay.

**RESPECTFULLY SUBMITTED** this the 12th day of June, 2019.

**EDDIE FAIR, DEFENDANT**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
mgriffith@jlpalaw.com
www.jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney for Defendant, Hinds County Tax Collector, Eddie Fair, hereby certifies that on this day, I electronically filed the foregoing ***Brief in Support of Motion in Limine #2*** with the Clerk of the Court using the ECF system which gave notification of such filing to all Counsel of Record:

Louis H. Watson, Jr., Esq.
Nick Norris, Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Dr., Ste. G
Jackson, MS 39216-4972
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com
**Attorneys for Plaintiff**

William R. Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P.O. Box 751
Brookhaven, MS 39602
Phone: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
kriley@aabalegal.com
**Attorneys for Hinds County, Mississippi**

This the 12th day of June, 2019.

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith