IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BERNITHA RICE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:17-CV-00932-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI a/k/a
HINDS COUNTY BOARD OF SUPERVISORS and
HINDS COUNTY TAX COLLECTOR, EDDIE J. FAIR
INDIVIDUALLY** **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 3**
[EMOTIONAL DISTRESS DAMAGES]

**COMES NOW** Defendant Eddie Fair, by and through counsel, and respectfully submits his separate brief as required by Local Rule 7.2(D) in support to their Motion *in Limine* to instruct, direct, and order Plaintiff's Counsel, Plaintiff, and all other witnesses not to testify concerning, mention, refer to, question regarding, present evidence of, or offer any argument concerning stress, mental anxiety, or any emotional distress damages resulting from her employment termination from the Hinds County, Mississippi.

## I.
## BACKGROUND

By Memorandum Opinion appearing herein at **[Doc. #80]**, Plaintiff's claim pursuant to 42 U.S.C. §1983 is for sexual harassment via either hostile environment with the issue being whether the conduct by Defendant Fair, if any, was sufficiently severe and pervasive enough to constitute sexual harassment AND/OR for quid pro quo sexual harassment with the issue being whether the alleged employment performance denied by Plaintiff Rice actually occurred and was the cause of her termination rather than any conduct by Defendant Fair.

The issue of disability here is critical to claimed damages. Rice carries full service-connected vocational disability from the VA. As noted by the Court's Opinion, Rice does not dispute this, "but says Fair's harassment caused it". [**Doc. #80**, Page 8]. The Court denied Rice's motion for a partial summary judgment on mitigation of evidence.

## II.
## DEVELOPMENT

During her tenure at the Tax Collector's Office, Plaintiff would see her therapist. Plaintiff contends that she told her therapist about the sexual harassment during the time period she was working in the Tax Collector's Office, despite her medical records indicating that she had not spoken with the therapist about harassment until after she was terminated. Additionally, she conveyed to her doctor on July 25, 2016, a mere two (2) weeks after her termination, that she was let go at the Tax Collector's Office due to "budget cuts" and since she was "one of the last ones [employees] hired." Plaintiff contends this statement is inaccurate. **Yet, none of these people are designated as witnesses via core disclosure, supplemental core disclosure, or expert designation.**[1]

Finally, Plaintiff acknowledges that she was diagnosed with PTSD and a narcissistic personality disorder by Doctor Pilgrim at the VA clinic in 2014 while attending the Wiser Program. This program was intended as a group therapy program for veterans with PTSD; however Plaintiff was kicked out of the program for her inability to get along with others.

In short, Rice has no expert testimony to establish that any medical/mental health treatment or that the same is causally related to her termination. This is her burden of proof. As Rice has not

[1]If Plaintiff were to have designated a provider, it would certainly have been subject to impeachment under FRE 804 (B).

designated a treating physician and/or designated as an expert, this Defendant asserts that she should not be allowed to give any such testimony at the trial.

## III.
## DISCLOSURES

The Complaint in this matter was filed on November 21, 2018 **[Doc. 1]**. Thereafter, an Answer was filed by this Defendant on January 19, 2018 **[Doc. 6]**. Thereafter, a Case Management Order was entered by the Court on February 6, 2018, setting out deadlines in this matter. Within said Order, the discovery deadline was September 20, 2018 **[Doc. 10]**. In April and May of 2018, Plaintiff served subpoenas on T-Mobile and Cspire in order to get records of Plaintiff's own phone records. **[Docs. 33 and 34]**.

Via her initial core, Plaintiff listed the parties, her sister, and Jasmin Gunn by name. She listed her personnel file, pay records and EEOC File as documents. According to her disclosure regarding damages, she lists back wages of $42,400.00, future wages of $85,800.00, and unspecified compensatory damages of $300,000.00. During discovery, Plaintiff produced the above documents and a portion of her phone records, verified past employment, admitted a prior service-connected 70% disability rating. After discovery, she supplemented this to be currently a service-connected 100% disability rating. It is undisputed that Plaintiff now carries a service-connected "entitlement to individual unemployability effective October 2, 2018". Plaintiff took no depositions. Plaintiff designated no experts.

## IV.
## PLAINTIFF'S BURDEN

To recover damages for emotional distress, the Plaintiff must prove actual injury.[2] *In Vadie*

---

[2] *Carey v. Piphus*, 435 U.S. 247, 248, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

*v. Mississippi State University* the Fifth Circuit discussed *Carey v. Piphus*, which clarified two aspects of proof necessary to support damages for mental anguish: 1) "there must be a "specific discernable injury to the claimant's emotional state," and 2) corroborating testimony or supporting medical evidence is required for the Plaintiff to recover more than nominal damages.[3] *Vadie* went on to quote the Equal Employment Opportunity Commission's official guideline statement which states in part: "The Commission will typically require medical evidence of emotional harm to seek damages for such harm in conciliation negotiations."[4] *Vadie* highlights the danger of unrestricted damage claims; as an unsupported jury award was reduced from $300,000.00 to $10,000.00. *Id.*

For the undersigned, the difficulty in pre-trial evidentiary motions is one of predicting what will be offered. Because memories fade over time, medical records which are completed fully and accurately contain the most telling evidence. *Chickaway v. United States,* 990 F. Supp. 2d 650, 664 (S.D. Miss. 2013)(citing *Furrow et al., Health Law*, at 144)(other string citations omitted). The medical records gathered via Defendants by medical authorization do not contain certifications under FRE 902. Defendant's position is that Plaintiff Rice did not suffer a discernable injury as a result of her employment termination. In reply, she offers no medical evidence of any emotional distress. To do so would open the door to contrary information in her records. Thus, Rice has not produced any prescribed medication as a result of any emotional distress suffered from her employment termination and has designated no medical experts. It would certainly be unfairly prejudicial to identify a sponsor, expert, or corroborating witness at this late date.

**NOW THEREFORE,** the Defendant respectfully prays that the Court rule *in limine* that the

---

[3] *Vadie v. Mississippi State University*, 218 F.3d 365, 373 (5th Cir. 2000) citing *Patterson v. P.H.P. Healthcare Corp*. 90 F.3d 927 (5th Cir.1996), cert. denied, 519 U.S. 1091, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997).

[4] *Id.*, quoting EEOC POLICY GUIDANCE NO. 915.002 § II(A)(2) (July 14, 1992).

Plaintiff is precluded from offering proof of or comment of emotional distress or any damages resulting from emotional distress resulting from her termination from Hinds County.

**RESPECTFULLY SUBMITTED** this the 12th day of June, 2019.

**EDDIE FAIR, DEFENDANT**

By: /s/ ***Daniel J. Griffith***

Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
mgriffith@jlpalaw.com
www.jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney for Defendant, Hinds County Tax Collector, Eddie Fair, hereby certifies that on this day, I electronically filed the foregoing ***Brief in Support of Motion in Limine #3*** with the Clerk of the Court using the ECF system which gave notification of such filing to all Counsel of Record:

Louis H. Watson, Jr., Esq.
Nick Norris, Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Dr., Ste. G
Jackson, MS 39216-4972
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com
**Attorneys for Plaintiff**

William R. Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P.O. Box 751
Brookhaven, MS 39602
Phone: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
kriley@aabalegal.com
**Attorneys for Hinds County, Mississippi**

This the 12th day of June, 2019.

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith