**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BERNITHA RICE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:17-CV-00932-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI a/k/a**
**HINDS COUNTY BOARD OF SUPERVISORS and**
**HINDS COUNTY TAX COLLECTOR, EDDIE J. FAIR**
**INDIVIDUALLY** **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 4**
[Exclude VA PTSD Reason]

**COMES NOW** Defendant Eddie Fair, by and through counsel, and respectfully submits his separate brief as required by Local Rule 7.2(D) in support to their Motion *in limine* to instruct, direct, and order Plaintiff's Counsel, Plaintiff, and all other witnesses not to testify concerning, mention, refer to, question regarding, present evidence of, or offer any argument concerning the cause of her service-connected disability.

**I.**

**BACKGROUND**

By Memorandum Opinion appearing herein at **[Doc. #80]**, Plaintiff's Claim pursuant to 42 U.S.C. §1983 is for sexual harassment via either hostile environment with the issue being whether the conduct by Defendant Fair, if any, was sufficiently severe and pervasive enough to constitute sexual harassment AND/OR for quid pro quo sexual harassment with the issue being whether the alleged employment performance denied by Plaintiff Rice actually occurred and was the cause of her termination rather than any conduct by Defendant Fair.

The issue of disability here is critical to claimed damages. Rice carries full service

connected vocational disability from the VA. As noted by the Court's Opinion, Rice does not dispute this, "but says Fair's harassment caused it". [**Doc. #80**, Page 8]. The Court denied Rice's motion for a partial summary judgment on mitigation of evidence.

## II.
## DEVELOPMENT

Plaintiff acknowledges that she was diagnosed with PTSD and a narcissistic personality disorder by Doctor Pilgrim at the VA clinic in 2014 while attending the Wiser Program. The cause of her PTSD, which has now been given 100% service-connected occupational disability is not relevant to any issue in this case. Again, she has no provider, medical or otherwise, designated to causally connect her complete vocational disability to her termination from Hinds County. Additionally, the objective standard necessary to determine a hostile environment could quickly be confused with Plaintiff's unrelated prior personal experience.[1]

## III.
## ADMISSIBILITY

**PROBATIVE VALUE:** Under a basic FRE 403 balancing, the probative value of an unrelated sexual matter which caused Plaintiff's condition is slight because there is no expert designated or record of evidentiary quality which will tender an alternative reason. The admissible evidence here simply does not set the case up as a question between the basis given by the VA and Plaintiff's theory discussed at Page 8 of the Court's opinion. [See **Doc. 80**]. In short, the Defendant does not intend to offer it. Should Rice explain her military injury, it would merely be for sympathy and not to address either causation or damages. In short, Rice's source of her injury in the military

---

[1] *Van Pfullman v. Tex. DOT*, 24 F. Supp. 2d 707, 708 (W.D. Tex. 1998) (A sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.).

has little or no probative value.

**PREJUDICE/CONFUSION:** When considering the work environment as hostile or abusive, the jury will need to look at the circumstances from the appropriate standard.[2] There is danger here of a jury giving subjective weight because of Rice's prior history. By excluding this from evidence, the danger there is eliminated.

**NOW THEREFORE,** the Defendant respectfully prays that the Court rule *in limine* that the Plaintiff is precluded from argument concerning the cause of her service-connected disability.

**RESPECTFULLY SUBMITTED** this the 12th day of June, 2019.

**EDDIE FAIR, DEFENDANT**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
mgriffith@jlpalaw.com
www.jlpalaw.com

[2] *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 328 (5th Cir. 2009) ("A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)).

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney for Defendant, Hinds County Tax Collector, Eddie Fair, hereby certifies that on this day, I electronically filed the foregoing ***Brief in Support of Motion in Limine #4*** with the Clerk of the Court using the ECF system which gave notification of such filing to all Counsel of Record:

Louis H. Watson, Jr., Esq.
Nick Norris, Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Dr., Ste. G
Jackson, MS 39216-4972
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com
**Attorneys for Plaintiff**

William R. Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P.O. Box 751
Brookhaven, MS 39602
Phone: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
kriley@aabalegal.com
**Attorneys for Hinds County, Mississippi**

This the 12th day of June, 2019.

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith